STATE OF NEW JERSEY, RESPONDENT, v. JOHNSON LUM-
BER CO., INC., A CORPORATION OF NEW JERSEY,
DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 12, 1961—Decided June 26, 1961.

Before Judges PRICE, GAULKIN and SULLIVAN.

*Mr. Elias Abelson,* Deputy Attorney General, argued the cause for respondent (*Mr. David D. Furman,* Attorney General of New Jersey, attorney; *Mr. Lee A. Holley,* Deputy Attorney General, of counsel).

*Mr. Loren C. Lewis* argued the cause for appellant.

The opinion of the court was delivered by
SULLIVAN, J. A. D.   Defendant-appellant, Johnson Lumber Co., Inc. was convicted in the Municipal Court of Brick Township of improper use of "in-transit" plates contrary to *N. J. S. A.* 39:4–30, and operating a trailer "over legal dimensions" contrary to *N. J. S. A.* 39:3–84.   On appeal to the Ocean County Court and trial *de novo,* defendant was again found guilty of the same offenses.   Hence the present appeal.

The facts are undisputed.   Defendant is in the construction business and, on the date involved, was the owner of a low-bed trailer which was being drawn by a vehicle operated by defendant's agent over a road in Brick Township. Loaded on the trailer was a "Back Hoe," an excavating machine used in road building with tractor (steel) treads. The equipment was moving to a construction site.   The trailer was over the maximum legal dimensions fixed by *N. J. S. A.* 39:3–84 and displayed, as its registration license

plate, an "in-transit" license plate issued pursuant to *N. J. S. A.* 39:4–30.

Consideration of the issues involved requires discussion of the history of legislation regulating the movement of road building machinery, vehicles or other apparatus or machinery of unusual weight or size along or over public roads or highways.

*P. L.* 1927, *c.* 150, was the first act specifically regulating the use of public roads, streets and highways by such equipment. *Section* 1 of the act authorized the movement of such equipment over public roads or highways, "on trailers," provided that certain weight distribution requirements were met, and upon obtaining a permit from the county supervisor or the supervisor of roads of the county or counties traversed. *Section* 4 of the act excepted from its application all such equipment running on railroad or street railway tracks as well as all such equipment while actually used in road construction work. In 1928 (*P. L.* 1928, *c.* 113), *section* 1 of the act was amended to provide also that "said trailers" were to be registered with the Commissioner (now Director) of Motor Vehicles and a registration fee of $150 paid. The statutory revision of 1937 codified *P. L.* 1927, *c.* 150, *section* 1 as amended, into *R. S.* 39:4–26; and *section* 4, into *R. S.* 39:4–30.

In 1941 (*P. L.* 1941, *c.* 257) the Legislature amended *R. S.* 39:4–30 to provide that in addition to the foregoing exceptions to the requirements of *R. S.* 39:4–26 any such road building machinery, etc. could be "operated or drawn" over a public road or highway subject to the following conditions:

"Any person, partnership or corporation may, with regard to such road building machinery, vehicle, traction engine, roller or other apparatus or machinery of the kind owned or controlled by it, obtain general registration and registration plates therefor of the style and kind provided for in this article, with the word 'temporary' or 'in-transit' stated thereon, but only if the commissioner is satisfied as to the financial responsibility of such person, partnership or corporation to meet any claim for damages arising

out of an accident and satisfactory evidence of such responsibility has been filed with him.

The annual fee for the issuance of a certificate of registration, or duplicates thereof and five sets of 'temporary' or 'in-transit' plates bearing a number, corresponding to the number on the certificate of registration shall be twenty-five dollars ($25.00).

Such plates can be placed on any such road building machinery, vehicle, traction engine, roller or other apparatus or machinery, owned or operated by the person, partnership or corporation to whom the registration is issued, only in moving to and from the location of the construction of a public road or highway or section thereof."

Briefly it is the defendant's contention that its low-bed trailer, as used, was road building equipment being operated or drawn within the meaning of *N. J. S. A.* 39:4–30 to a construction site and therefore it was proper to use "in-transit" plates on such trailer. More specifically defendant argues that because its low-bed trailer was being used to transport a "Back Hoe," the trailer itself must be considered road building equipment. As a corollary, defendant also argues that the provisions of *N. J. S. A.* 39:3–84 (fixing the maximum dimensions and weight for trailers) do not apply to vehicles displaying an "in-transit" license issued under *N. J. S. A.* 39:4–30.

■■ Defendant's use of "in-transit" plates on its trailer was improper and a violation of *N. J. S. A.* 39:4–30 (as well as a violation of *N. J. S. A.* 39:4–26). The history of the legislation involved, as well as its specific provisions, demonstrates that when road building equipment such as a "Back Hoe" is moved along or across a public road or highway on a trailer, such trailer must be registered, and permits obtained in accordance with *N. J. S. A.* 39:4–26. If, however, the equipment is of such a design that it can be operated or drawn along or across public roads and highways, "temporary" or "in-transit" registration plates may be obtained for it and placed on such equipment while it is moving to and from the location of any type of construction.

Thus it is seen that *N. J. S. A.* 39:4–26 and 39:4–30, while *in pari materia*, relate to different methods of moving

such equipment. It seems clear that the 1941 amendment (*P. L.* 1941, *c.* 257) which added the "temporary" or "in-transit" registration provision to the statute was evolved as a result of the improvement in the design of such equipment making it movable without the necessity of loading it on a trailer. The statement attached to *P. L.* 1941, *c.* 257, so indicates. It reads as follows:

"To authorize the commissioner of motor vehicles to register and permit the operation of any road building machinery, traction engine, vehicle or other apparatus and machinery, between the place where they are kept or garaged, to the location of the site of the contract."

If defendant's argument that there is no rational basis for distinguishing between a situation where a piece of equipment is carried on a trailer and where it is operated or drawn on its own wheels were valid, and that a trailer carrying a "Back Hoe" may use the "in-transit" registration plates, it would mean that to all effects and purposes *N. J. S. A.* 39:4–26 had been impliedly repealed, save where the road building machinery, etc., was not being moved to and from the location of any type of construction.

Since defendant's argument against its conviction of improper use of "in-transit" plates in violation of *N. J. S. A.* 39:4–30 fails, its conviction of operating a trailer "over legal dimensions" without a special permit contrary to *N. J. S. A.* 39:3–84 also must stand.

Affirmed.